DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Randal E. Anzevino, ) | CASE NO.   4:08 CV 2492 |
|       Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | (Resolving ECFs #29 and #30) |
| ) | |
| Raymond DePasquale, et al., ) | |
|       Defendants. ) | |

### I.  INTRODUCTION

This case for tortious interference, defamation and negligent supervision was removed from the Mahoning County Court of Common Pleas on October 21, 2008, on the grounds that plaintiff's claims were preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.  Plaintiff's motion to remand (ECF #7) was denied (ECF #16).  The Court referred this case to Magistrate Judge Limbert for general pre-trial supervision on December 15, 2008 (ECF #17).  On March 4, 2009, defendants filed a joint motion to dismiss (ECF #25).  Plaintiff opposed the motion (ECF #26) and defendants replied (ECF #27).  Magistrate Judge Limbert issued his Report and Recommendation (Report) (ECF #28) to which defendants objected, in part (ECF #29).  Thereafter, plaintiff responded to defendants' objections to the Report (ECF # 30).

(4:08 CV 2492)

## II.  FACTUAL BACKGROUND

This case involves the claims of Teamsters Union truck driver Randal Anzevino (Anzevino) against his union, defendant International Brotherhood of Teamsters (IBT), its affiliate, defendant Local 377 (Local 377), and two representatives of his union.  The two representatives were also IBT members; Local 377 business agent Raymond DePasquale (DePasquale) and Local 377 president Christopher Colello (Colello).  Between May 15, 2007, and August 10, 2007, Anzevino filed a series of internal union charges against DePasquale and Colello.  His charges included allegations of issuing OSHA certification for hazardous material training to several individuals that had never taken training and for failing to process an unidentifed prior grievance.  Anzevino claims that on August 24, 2007, DePasquale and Colello copied Anzevino's personnel file.  Anzevino claims further that on September 27, 2007, DePasquale and Colello mailed it anonymously to Anzevino's employer, Roth Brothers.  Anzevino was fired on September 28, 2007, and claims that this conduct led to his termination by his employer.

Thereafter, Anzevino filed additional union charges against DePasquale and Colello based on this conduct.  On February 13, 2008, the General Executive Board of the International Brotherhood of Teamsters affirmed the decision of Joint Council 41 of the Teamsters.[1]  This

---

[1] This finding was affirmed by the Decision of the General Executive Board of the International Brotherhood of Teamsters which stated, in part, "It is also undisputed, and verified by the video evidence, that Colello copied the [employment] file. . . . DePasquale admits having mailed the file to Anzevino's employer, Roth Brothers.  . . . [DePasquale, however,] contends that Anzevino's firing was unrelated to the information he mailed to Roth Brothers."  (ECF #1-2,
(continued...)

2

(4:08 CV 2492)

decision suspended DePasquale for 36 months and Colello for 24 months for their conduct; twelve months of which were ordered "specifically for the actions hereinabove described taken in retaliation against Plaintiff."[2]  *See* ECFs #1-2, #19.

After removal to this Court, Anzevino filed his amended complaint (ECF #19) alleging: (count I) tortious interference with a business relationship; specifically, that as the Business Manager and (then) Secretary/Treasurer of Local 377, defendants DePasquale and Colello intentionally and maliciously procured the breach of plaintiff's business relationship with Roth; (count II) vicarious liability of Local 377 for tortious interference; specifically, that since DePasquale and Colello were acting in the course and scope of their employment as officers of Local 377 when they procured the breach, liability attached to Local 377; (counts III–V) intentional, negligent and vicarious liability for defamation; specifically, that DePasquale and Colello defamed plaintiff by sending his personnel file to Roth, and that Local 377 was also liable as DePasquale and Colello were acting in the course and scope of their employment when they did so; and (count VI) negligent supervision; specifically, that Local 377 and the IBT negligently supervised DePasquale and Colello during the time these acts were committed.

---

[1](...continued)
p. 28.)  The Board also stated, ". . . [T]he fact that Anzevino was fired the same day that Roth Brothers received the file from DePasquale supports a finding that the firing was related to the information contained in the file." (ECF #1-2, p. 28).

[2]DePasquale and Colello's actions were in retaliation for plaintiff's filing internal charges against them for their conduct in connection with issuing the OSHA certificates and failing to process the grievance.  *See* ECF #1-2, pp. 6, 28-29.

3

(4:08 CV 2492)

Defendants' joint motion to dismiss, plaintiff's objection and defendants' reply were reviewed by Magistrate Judge Limbert who recommended that defendants' motion to dismiss be granted in part and denied in part (ECF #28).

A. Count VI

The magistrate judge recommended that plaintiff's count VI for negligent supervision be dismissed. The magistrate judge's Report indicated that this count was preempted by § 301 of the LMRA and barred by the applicable statute of limitations.

B. Counts I, II, III, IV and V

Magistrate Judge Limbert recommended further disposing of the plaintiff's remaining counts I, II, III, IV and V as pendant state claims appropriate for remand pursuant to 28 U.S.C. § 1367(c)(3). Defendants objected to the Report's findings that Anzevino's tortious interference and defamation claims (Counts I-V) were state claims instead of preempted §301 claims. Defendants did not object to the Report's finding that count VI should be dismissed (ECF #29). Plaintiff filed a response to defendants' objections, but did not object to the Report's finding that count VI should be dismissed (ECF #30).

### III. COURT'S REVIEW OF DEFENDANTS' OBJECTIONS

Rule 72(b)(3) of the Fed. R. Civ. P. requires this court to conduct a *de novo* review of any part of the magistrate's Report to which the parties have properly objected. Defendants properly objected to the portions of the Report recommending remand of counts I-V of plaintiff's complaint and plaintiff responded to these objections. Neither party objected to the portion of

(4:08 CV 2492)

the report recommending that count VI be dismissed and absent same, there is no *de novo* review of that count.

The Court has conducted a *de novo* review of the disposition of counts I-V as required by the rule.  The Court finds that Magistrate Judge Limbert's Report and Recommendation carefully and thoroughly reviewed the issues relevant to the dismissal of count VI and remand of counts I, II, III, IV and V and the Court adopts the Report without any changes.

## IV.   CONCLUSION

The Court adopts the Report and Recommendation of Magistrate Judge Limbert.  Counts I, II, III, IV and V of plaintiff's complaint are remanded to the Mahoning County Court of Common Pleas and count VI is dismissed.


IT IS SO ORDERED.


| | |
|---|---|
| *June 15, 2009* | *S/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |